26CA0255 Peo in Interest of JI 08-06-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 26CA0255
Jefferson County District Court No. 25JV30050
Honorable Lindsay VanGilder, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of J.I., a Child,

and Concerning J.I., Sr.,

Appellant.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE SCHUTZ
Lipinsky and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

---

Kimberly Sorrells, County Attorney, Sarah Oviatt, Assistant County Attorney, Golden, Colorado, for Appellee

Jeffrey C. Koy, Lauren Dingboom, Jordan Oates, Guardians Ad Litem

Michael Kovaka, Office of Respondent Parents' Counsel, Littleton, Colorado, for Appellant

¶ 1     J.I., Sr. (father) appeals the juvenile court's judgment of adjudication entered on a jury verdict finding that J.I. (the child) lacked proper parental care from father.  Father's sole contention on appeal is that the evidence was insufficient to support this finding.  We affirm.

## I.     Background

¶ 2     The Jefferson County Division of Children, Youth and Families (the Division) received a report concerning A.G., J.I.'s mother's daughter from a previous relationship.  A.G. lived with mother, father, the child, and three additional siblings.  The report alleged that father had sexually assaulted A.G. and that mother was physically abusive to her and two of the other children.  An intake caseworker met with the child's mother and observed the child.  During that visit, the child, who was almost four years old, did not speak, and mother reported that the child was "behind" with his speech.

¶ 3     A magistrate issued an emergency protection order allowing all five children to remain in mother and father's home under the Division's protective supervision.  The same day, the Division filed a petition in dependency and neglect concerning the children.

¶ 4    The court held an adjudicatory jury trial.  At the close of the Division's evidence, father's counsel moved for a directed verdict, arguing that the Division had not proved its case with regard to the child.  The court denied the motion.

¶ 5    The jury found that the Division proved that the child lacked proper parental care from father as a result of his "acts or failures to act."  *See* § 19-3-102(1)(b), C.R.S. 2025.  Based on the jury's verdict, the court sustained the petition, adjudicated the child dependent or neglected with regard to father, and adopted a treatment plan for father.

## II.    Applicable Law

¶ 6    A child is dependent or neglected if, among other things, the child "lacks proper parental care through the actions or omissions" of a parent.  *Id.*

¶ 7    "Whether a child is dependent [or] neglected presents a mixed question of fact and law because it requires application of evidentiary facts to the statutory grounds."  *People in Interest of M.M.*, 2017 COA 144, ¶ 17.  To establish that a child is dependent or neglected, a department of social services must prove the allegations in the petition by a preponderance of the evidence.  *See*

§ 19-3-505(1), (7)(a), C.R.S. 2025; *People in Interest of S.G.L.*, 214 P.3d 580, 583 (Colo. App. 2009).

¶ 8     When determining whether sufficient evidence supports a jury's verdict of dependency or neglect, we view the record in the light most favorable to the party that succeeded at trial, and we draw every inference fairly deducible from the evidence in favor of the verdict. *People in Interest of B.C.B.*, 2025 CO 28, ¶ 23. We will not disturb the jury's verdict if the evidence supports it, even though reasonable people might arrive at a different conclusion based on the same facts. *S.G.L.*, 214 P.3d at 583.

### III.     Analysis

¶ 9     The Division presented sufficient evidence to establish that the child would lack proper parental care from father if the child were returned home. § 19-3-102(1)(b). The evidence included that the child was nonverbal; he screamed, grunted, or bit people to communicate. The child made little eye contact, showed no empathy or affection for others, and "struggled" with providing others with their personal space. The caseworker opined that the child's ability to communicate had not improved over the six months she had worked on the case.

¶ 10     Case professionals and experts opined that it was unusual for a four-year-old child not to be able to speak in sentences. Moreover, the jury heard expert testimony that a nonverbal four-year-old was particularly vulnerable if living in a home where a founded sexual abuse allegation had been made and other forms of abuse existed, because "that child couldn't communicate if they were experiencing abuse."

¶ 11     The record shows that professionals working with the family requested that mother and father have the child assessed for developmental delays so appropriate supportive services could be put in place if needed. The caseworker testified that such an assessment was an "essential need" for the child. The court later ordered the parents to have the child assessed. As of the date of the jury trial, however, the parents had not consented to or arranged for an assessment.

¶ 12     The jury heard expert testimony that, when a parent refuses to obtain an assessment for a four-year-old child who "has no words, but instead grunts, screams, and bites to communicate," the parent may not be able to meet the child's needs and may lack "proper protective capacity for that child." The caseworker opined that, if

the Division were no longer involved with the family, the child "would be lacking proper care." She opined that the child was dependent and neglected.

¶ 13 Father asserted that he provided the child with proper parental care because he was following an evaluation performed by the child's pediatrician, which indicated that the child had no delays. To support this claim, father pointed to a "one-page document, with . . . a stamp from the doctor's office" and a handwritten note saying, "no developmental delays."

¶ 14 But the caseworker testified that she was unable to authenticate that the note reflected the pediatrician's opinion because the parents would not sign a release for her to speak with the pediatrician. She clarified that she was not concerned because the parents accepted the pediatrician's purported recommendation but because she was unable to verify it. The jury credited the caseworker's explanation. And even when a reasonable person could reach a different conclusion, we are bound to uphold the jury's verdict if supported by evidence in the record. *See S.G.L.*, 214 P.3d at 583.

5

¶ 15   Viewing this evidence in the light most favorable to the Division and drawing the fairly deducible inferences in favor of the jury's verdict, we conclude that the record contains sufficient evidence to support the jury's determination that the child was dependent or neglected as to father.  *See* § 19-3-102(1)(b).

## IV.   Disposition

¶ 16   The judgment is affirmed.

JUDGE LIPINSKY and JUDGE YUN concur.